UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Keith Sutton, | No. 2:20-cv-00698-KJM-CKD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Metropolitan Life Insurance Company, et al., | |
| Defendants. | |

Plaintiff Keith Sutton moves for an award of attorneys' fees and costs against defendant Metropolitan Life Insurance Company in this ERISA action. As explained below, the motion is **granted**.

I.  BACKGROUND

Mr. Sutton participated in a long-term disability plan administered by Metlife. Compl. ¶¶ 8–11, ECF No. 1. He alleges he became "disabled" under the terms of that plan in 2018 as a result of severe back pain. *See id.* ¶¶ 12–13. Metlife began paying benefits. *See id.* ¶¶ 14–15. After about one year, however, Metlife consulted with a physician and stopped paying benefits. *See id.* ¶ 18. Mr. Sutton appealed Metlife's decision unsuccessfully. *See id.* ¶¶ 19–23. He then engaged counsel and filed this action in April 2020, asserting a single claim under the Employee Retirement Income Security Act of 1974 (ERISA). *See id.* ¶ 1 (citing 29 U.S.C. § 1132(a)).

1

The court held a scheduling conference and set a briefing schedule for a bench trial. *See* Mins., ECF No. 15. About two months later, several months before the parties' opening briefs were due, Mr. Sutton was awarded Social Security Disability Insurance benefits, which reduced the amount of long-term disability benefits that he could be awarded under the terms of the Metlife plan, and thus reduced the amount in controversy in this action. *See* Horrow Decl. ¶ 40, ECF No. 20-1; Hess Decl. ¶ 2, ECF No. 21-1. The parties began settlement discussions. *See id.* ¶ 3.

As the deadlines for the parties' trial briefs were approaching, their settlement negotiations were ongoing, so they requested and received two more weeks to continue their discussions before filing trial briefs. *See* Stip., ECF No. 16; Order, ECF No. 17. Their settlement efforts ultimately were unsuccessful, *see* Hess Decl. ¶ 5, but before trial briefs came due, Metlife decided unilaterally to pay Mr. Sutton the full value of the disputed benefits, approximately $13,000 in total. *Id.* The parties notified the court of their settlement, and the court vacated the trial. Min. Order, ECF No. 19. Mr. Sutton now requests an award of attorneys' fees and costs. *See* Mot., ECF No. 20. His motion is fully briefed and the court submitted it without oral arguments. *See generally* Opp'n, ECF No. 21; Reply, ECF No. 23; Not. Suppl. Auth, ECF No. 24; Resp., ECF No. 25; Min. Order, ECF No. 22.

**II.    LEGAL STANDARD**

In most ERISA actions, "'a reasonable attorney's fee and costs' are available 'to either party' at the court's 'discretion.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244 (2010) (quoting 29 U.S.C § 1132(g)(1)). A district court may award reasonable fees and costs to any party who "has achieved 'some degree of success on the merits.'" *Id.* at 245 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). "In the Ninth Circuit, the discretionary decision to award fees has traditionally been governed by . . . five factors":

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of

2

>  an ERISA plan or to resolve a significant legal question regarding
>  ERISA; and (5) the relative merits of the parties' positions.

*Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010) (quoting *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980)).

## III.   DISCUSSION

Metlife does not dispute that Mr. Sutton has achieved "some degree of success on the merits." *See* Opp'n at 5. The court agrees he has. The court also agrees he is entitled to a reasonable award of fees and costs. He obtained the benefits available to him, Metlife can satisfy a fee award, and no other relevant considerations weigh against his position; those other factors are neutral or irrelevant. *See Hummell*, 634 F.2d at 453. Metlife does not argue otherwise. *See* Opp'n at 5–6 & n.1. Nor does Metlife oppose Mr. Sutton's request for reimbursement of $828.40 in costs. *See* Mot. at 15. The court grants that request; it is reasonable and includes costs and expenses within the scope of § 1132(g)(1). *See Harlow v. Metro. Life Ins. Co.*, 379 F. Supp. 3d 1046, 1060–61 (C.D. Cal. 2019).

The parties dispute only the amount of fees. To decide what fee is "reasonable" in an ERISA case, a district court begins by calculating the "lodestar" award, which is the product of "the number of hours reasonably expended" and a "reasonable hourly rate." *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The court can then raise or lower the lodestar award to account for exceptional circumstances. *See id.*

Mr. Sutton's attorneys itemized the time they expended in this action. Their records break down their time to the tenth of an hour, and each entry includes a short explanation of the attorneys' work. *See* Horrow Decl. Ex. F, ECF No. 20-1; Calvert Decl. Ex. E, ECF No. 20-2; Suppl. Calvert Decl. Ex. A, ECF No. 23-1. In total, Mr. Sutton's attorneys spent about 140 hours on a variety of tasks in this case, including reviewing his medical and legal records, consulting with him, drafting his complaint, preparing a trial brief, emailing and calling opposing counsel, and drafting the pending fees motion. *See generally id.* The court has reviewed the timesheets and finds the hours were reasonable. The court will not second guess counsel's judgment about what hours were necessary after the fact. "By and large," district courts "defer to the winning

3

lawyer's professional judgment" about how much time to spend on a case. *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (alterations in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). That is all the more true in this case. Ms. Sutton's attorneys agreed to represent him on a contingency basis, so they had little incentive to inflate their hours unnecessarily; they would not recover anything if they were not successful. *See* Horrow Decl. ¶ 24.

Metlife's counterarguments are unpersuasive. It contends first that the court should not compensate Mr. Sutton's attorneys for the time they spent on his trial brief after the parties requested more time to pursue a settlement. *See* Opp'n at 7–8. Imposing that reduction would punish Mr. Sutton's attorneys for exercising reasonable diligence. They did not know whether the case would settle while they were preparing their opening trial brief, and the extension was for only a few weeks more.

Second, Metlife argues Mr. Sutton's attorneys should not be compensated for all of the hours they devoted to the current fee motion. *See* Opp'n at 9–10. Metlife claims counsel has simply recycled boilerplate language from previous fee motions. *See id.* Another district court in this circuit has explained the flaw in this argument. Recycling boilerplate language saves time and money, and punishing counsel for doing so would place attorneys in a double-bind:

> If they re-use form language and update past declarations to accrue fewer hours, they risk an award reduction due to boilerplate language arguments. However, if they start from scratch as to each motion for fees, they inefficiently run-up time. Either the opponent will pay this excess if a plaintiff's fee motion is successful or the opponent will assert that such re-generation is unreasonable given counsel's repeat handling of such issues.

*Harlow*, 379 F. Supp. 3d at 1059; *see also* Reply at 4–5.

Third, Metlife argues Mr. Sutton's attorneys have attempted to conceal duplicative billing by modifying their timesheets after the fact. *See* Opp'n at 12–13. The court has reviewed the entries in question and is not persuaded that Mr. Sutton's attorneys billed for duplicative tasks or attempted to mislead the court. They appear to have made changes only to refute Metlife's argument that their time entries were duplicative, as it contended during the parties' pre-filing

4

efforts to settle their fee dispute. *See* Suppl. Calvert Decl. ¶ 3. For example, Mr. Calvert changed one disputed entry from "exchange emails" to "further exchange of emails." *See* Hess Decl. Ex. 7 at 3, ECF No. 21-8.

Fourth, Metlife argues the fee award should be reduced to discourage vague "block billing." *See* Opp'n at 14. Block billing is the aggregation of time spent on a case into "blocks" rather than task-by-task divisions. *See, e.g.*, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007). Block billing "makes it more difficult to determine how much time was spent on particular activities." *Id.* at 948. The court has reviewed the time entries in question and finds that they do not impermissibly obscure counsel's request for fees. *See, e.g.*, Calvert Decl. Ex. E at 2 (recording 48 minutes on "Prep for and telephone call with opposing counsel re R26f conf; review near-term tasks following same").

Fifth, Metlife argues Mr. Sutton's attorneys should not be compensated for spending twelve minutes preparing an "appearance of counsel filing." *See* Opp'n at 14; Calvert Decl. Ex. E at 2. The court disagrees. The request is reasonable.

Sixth, Metlife argues Mr. Sutton's attorneys must have imposed an artificial floor on their time entries because they recorded no tasks that took only one tenth of an hour. *See* Opp'n at 14–15. That smallest entries are only two tenths of an hour. That is speculation. Requiring more detail or more granular time entries would impose an unreasonable recordkeeping burden. "Plaintiff's counsel . . . is not required to record in great detail how each minute of his time was expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Finally, Metlife argues Mr. Sutton's attorneys should have accepted its offer to pay a discounted award. *See* Opp'n at 15–16. The discount cut about 18 percent off the fees they requested. *See id.* The court will not punish counsel for seeking their full fees, which were in fact reasonable.

Having determined that Mr. Sutton is entitled to a fee award and that his attorneys have billed a reasonable number of hours, the court must determine what hourly rate to use when calculating the lodestar award. *McElwaine*, 176 F.3d at 1173. Rates for similarly experienced attorneys in similar cases in this District are lower than those proposed by Mr. Sutton's attorneys.

1  *See, e.g.*, *Bd. of Trustees of Kern Cty. Elec. Workers Health & Welfare Tr. v. McCaa*, No. 20-
2  1610, 2021 WL 3829212, at *5 (E.D. Cal. Aug. 27, 2021) (awarding $325 per hour), *findings &*
3  *recommendations adopted*, 2021 WL 4429453 (E.D. Cal. Sept. 27, 2021); *Lasheen v. Loomis Co.*,
4  No. 01-0227, 2016 WL 4161119, at *3 (E.D. Cal. Aug. 4, 2016) (finding $250 per hour was
5  likely below market); *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 08-0519, 2016 WL
6  3125996, at *9 (E.D. Cal. June 3, 2016) (awarding $500–550 per hour).  Metlife does not oppose
7  an award based on a $700 hourly rate, Opp'n at 10, and other federal district courts have
8  approved that rate for Messrs. Harrow and Calvert, who have extensive experience in this
9  specialized field.  *See, e.g.*, Harrow Decl. ¶¶ 9, 20–21; Calver Decl. ¶¶ 5–8; *see also, e.g.*, *Aldapa*
10 *v. Fowler Packing Co. Inc.*, No. 15-00420, 2016 WL 4615096, at *8 (E.D. Cal. Sept. 6, 2016)
11 (awarding fees at proposed hourly rate because that rate was unopposed).  The court adopts that
12 rate, noting only that it is likely somewhat higher than those awarded in similar cases in this
13 District before now.

14      Mr. Sutton does not argue the court should increase the lodestar award to account for
15 exceptional circumstances.  The court finds, however, that a positive ten percent multiplier is
16 appropriate in this case to reduce the effects of inflation, to account for the time value of money,
17 and to recognize the contingency nature of the fee arrangement.  *See Clark v. City of Los Angeles*,
18 803 F.2d 987, 992 (9th Cir. 1986) ("[T]he diminution of a fee by high inflation could, in a court's
19 discretion, justify a separate upward adjustment.").  More than a year has passed since
20 Mr. Sutton's motion was filed.

21 **IV.   CONCLUSION**

22      The motion for fees and costs (ECF No. 20) is **granted**.  The court calculates the lodestar
23 fee using a $700 hourly rate, 27.4 hours billed by Mr. Horrow, and 105.3 hours billed by
24 Mr. Calvert.  The court also adopts a positive ten percent multiplier.  In total, the court awards
25 $102,179.00 in fees and $828.40 in costs.  The requests for ruling (ECF Nos. 26 and 28) are thus
26 **denied as moot**.
27 /////
28 /////

1    This order resolves ECF Nos. 20, 26, and 28 and closes the case.

2    IT IS SO ORDERED.

3    DATED: June 15, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE